# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| SHEILA ARMOUR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:17-CV-00219-DGK |
| | ) |
| BCS, | ) |
| | ) |
|     Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

This case arises out of pro se Plaintiff Shelia Armour's injuries from using a security wand she alleges was manufactured by Defendant BCS ("BCS"). Now before the Court is BCS's motion for summary judgment (Doc. 29) and Plaintiff's motions for summary judgment (Docs. 33 & 38).[1] As explained below, BCS's motion for summary judgment is GRANTED and Plaintiff's motions for summary judgment are DENIED.

### Undisputed Material Facts[2]

In January 2017, Plaintiff worked as a security guard in Kansas City, Missouri. Her duties involved handling a security wand she alleges was manufactured by BCS. A security wand is a

---

[1] Also pending before the Court is BCS's motion to dismiss for failure to state a claim (Doc. 27). Because the Court resolves this dispute on summary judgment, the Court denies as moot Defendant's motion to dismiss. Additionally, BCS has filed a motion to strike Plaintiff's expert designations (Doc. 28) for failure to comply with the Court's scheduling Order and Fed. R. Civ. P. 26. That motion is also denied as moot. Plaintiff offers no evidence from these witnesses and thus it is unnecessary to decide this motion in light of the Court's ruling on summary judgment. Finally, BCS's motion for judgment as a matter of law (Doc. 41) is denied.

[2] Plaintiff did not respond to BCS's motion, rather she filed her own motion for summary judgment. Liberally construing her own motion for summary judgment as a response to BCS's motion, Plaintiff does not properly controvert BCS's statement of facts. As such, unless the record fails to support BCS's assertions, the Court adopts the facts from BCS's brief. Additionally, the Court excluded asserted facts that were immaterial to the resolution of the pending motion, asserted facts that were not properly supported by admissible evidence, legal conclusions, and argument presented as an assertion of fact.

small, plastic stick used by security guards to conduct checkpoints. BCS describes the wand as consisting of a computer chip and a 3-volt battery. Plaintiff alleges that one day while working, she touched the exterior tip of a security wand and received an electric shock.

Plaintiff alleges she suffered burns immediately after she was shocked by the device. Additionally, she alleges she now suffers from permanent medical conditions stemming from the electric shock. To substantiate her injuries, Plaintiff provided images of her purporting to indicate the burns she suffered from the electric shock. Also, she includes images of medical reports but they do not provide her name, nor are they otherwise traceable to her or this incident.[3]

BCS offers an affidavit from the engineer and product designer of the security checkpoint wand at issue in this case. This witness states that the exterior tip of the wand is incapable of producing electric shock, and incapable of injuring a person by electric shock (Doc. 30-4 at 1). Further, the witness states the product is safe for its intended use, is not defective, and neither unreasonably dangerous, nor dangerous at all. *Id.* at 3.

Plaintiff sued BCS seeking $5,000,000.00 for her injuries on a theory that the BCS security wand was defective.

**Standard**

Because Plaintiff is pro se, the Court is bound to liberally construe her filings in order to do substantial justice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, a litigant's pro se status does not excuse her from compliance with the Federal Rules of Civil Procedure or Local Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

---

[3] On July 18, 2018, after Defendant's motion for summary judgment was ripe, Plaintiff submitted additional images of medical reports (Doc. 42). These reports display her name, date of visit, and provider's name. The documents submitted suggest that she suffers from mild joint problems.

In reviewing a summary judgment motion, the Court is bound to resolve any doubt as to the existence of any material fact against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The Court must scrutinize the evidence presented in the light most favorable to the non-moving party and accord to it the benefit of every reasonable factual inference. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588-89 (1986). A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## Discussion

### I. BCS's motion for summary judgment is GRANTED.

BCS moves for summary judgment arguing Plaintiff has not submitted any evidence that BCS is liable for her injuries. After reviewing the record and all supporting exhibits, the Court finds there are no disputes of material fact and Plaintiff's claim fails as a matter of law.

Plaintiff's complaint asserts the BCS security wand is defective. She states "I have reason to believe BCS is not properly guarding the electricity inside the device." (Doc. 7 at 3). In a later filing she asserts "the device is not properly manufactured." (Doc. 34 at 1). The Court construes these two statements, along with all of Plaintiff's other filings, that she is pursuing a products liability claim against BCS.

Under Missouri law, a defendant is strictly liable for a products liability claim when:

> (1) The defendant, wherever situated in the chain of commerce, transferred a product in the course of his business; and
>
> (2) The product was used in a manner reasonably anticipated; and

>    (3) Either or both of the following:
>    >    (a) The product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or
>    >
>    >    (b) The product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo. Rev. Stat. § 537.760.

Plaintiff opposes summary judgment because she argues she has provided evidence of her injuries and that the security wand is the most logical explanation for those injuries. *See* (Doc. 33 at 1).

There are no facts in the record to that would create a triable issue of whether the security wand was in a defective condition when it was sold, or that the security wand was unreasonably dangerous and lacked adequate warnings. Rather, the undisputed evidence supports a finding that the security wand was not in a defective condition, nor was it unreasonably dangerous.

Plaintiff has also failed to present admissible evidence of her injuries. *Cummings v. Roberts*, 628 F.2d 1068, 1068 (8th Cir. 1980) (finding uncertified medical records should not be considered by district courts); *Rill v. Trautman*, 950 F. Supp. 268, 269–70 (E.D. Mo. 1996) ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Federal Rule of Civil Procedure 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence."). Further, there is no admissible evidence linking the security wand to Plaintiff's injuries.

Without any evidence supporting Plaintiff's assertion that the product was defective and injured her, her claim fails as a matter of law. *See* Rule 56(e) (a party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial."). Summary judgment is GRANTED for BCS.

**II. Plaintiff's motions for summary judgment are DENIED.**

In opposing BCS's motion for summary judgment, Plaintiff filed her own motions for summary judgment (Docs. 33 & 38). Plaintiff's motions for summary judgment provide no basis to grant summary judgment in her favor. She merely asks the Court to award her $5,000,000.00. She does not provide any facts or evidence that would establish her claim as a matter of law. For those reasons and for the reasons granting BCS's motion, her motions are DENIED.

**Conclusion**

For the foregoing reasons, BCS's motion for summary judgment (Doc. 29) is GRANTED and Plaintiff's motions for summary judgment (Docs. 33 & 38) are DENIED.

**IT IS SO ORDERED.**

Date: July 25, 2018               /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT